DANIEL S. PEARSON, Judge,
specially concurring.
I concurred in Willis v. State only because the post- Villery change of sentence was from five years probation with a special condition of three years incarceration to five years imprisonment; I concur here because the change is from fifteen years probation with a special condition of eight years incarceration to twelve years incarceration. In both cases, it can be fairly assumed (in the absence of some contrary showing which was neither made in Willis nor here) that the correction will not increase the defendant's actual time spent in prison and at most exchanges probation for parole.
But, as this court noted in Herring v. State, 411 So.2d 966, 970 n.11 (Fla. 3d DCA 1982):
“The genesis of Villery was the complaint that lengthy imprisonment as a condition of probation denied the prisoner parole consideration. The court in Villery undoubtedly assumed that a change from probation to an equal amount of incarceration would not result in any actual additional incarceration for the prisoner, who would theoretically be released on parole no later than he would be released on probation. However, where that is not the case, and a prisoner is ‘punished’ for exercising rights granted by Villery, a due process issue under North Carolina v. Pearce, supra, is presented. The imposition of a penalty upon a defendant for successfully pursuing a nonconstitutional rather than constitutional right is no less a violation of due process. North Carolina v. Pearce, supra, 395 U.S. at 724, 89 S.Ct. at 2080.”
Thus, I think the majority goes too far in laying down an apparent ironclad rule that a change of sentence made because of Villery can never violate North Carolina v. Pearce. Surely, it is not difficult to envision a situation in which a trial court places a defendant on fifteen years probation with a special condition that he be incarcerated for eighteen months, and upon the defendant’s motion to correct the sentence under Villery, imposes a fifteen-year period of incarceration. I believe that such a demonstrably more severe sentence would present a due process issue under North Carolina v. Pearce, requiring the trial court to affirmatively show that the increase was occasioned by non-vindictive reasons.
Finally, the majority’s view that the exercise of the right to correct a Villery violation where the defendant is forewarned what the new sentence will be is “invited error” itself flies in the face of North Caro *782 lina v. Pearce, which precludes the imposition of a penalty upon a defendant who pursues a right granted him by law. The Supreme Court of Florida in Villery declared certain sentences invalid. It did not license courts to act vindictively if a defendant chooses to pursue the right which Villery grants. Even as a court is without power to put a price on an appeal, North Carolina v. Pearce, supra, 395 U.S. at 724, 89 S.Ct. at 2080, it is without power to put a price on the exercise of the right to have an illegal sentence set aside. If a defendant’s choice is fettered by a court’s announcement that the sentence will be more severe, he cannot be accused of inviting error simply because he chooses to challenge the right of the court to impose the higher sentence. Since, as I have said, no increased sentence violative of North Carolina v. Pearce appears in this case, I concur in the result.